**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SUNILKUMAR R. PATEL,

     Petitioner,

v.

                                                  Case No. 2:26-cv-01170-MIS-JMR

DORA CASTRO, in her official capacity as Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Sunilkumar R. Patel's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 15, 2026. Petitioner is a citizen of India who entered the United States from Mexico without inspection on January 23, 2022. Id. ¶¶ 1, 17. Shortly after his entry, U.S. Customs and Border Patrol officers apprehended him, charged him as removable as an alien present without admission or parole, and placed him in removal proceedings. Id. ¶ 2; Notice to Appear at 1, ECF No. 1-1. On January 25, 2022, Petitioner was released on his own recognizance. Id. Since then, Petitioner has filed an application for asylum, which remains pending; has received work authorization and a social security number; has lived a productive and law-abiding life; and has fathered a U.S. citizen child who is now three years old. Id. ¶ 3.

Nevertheless, on November 4, 2025, officers with Immigration and Customs Enforcement ("ICE") pulled him over while he was driving to work and arrested him.  Id. ¶ 4.  He is currently being detained by ICE at the Otero County Processing Center in Chaparral, New Mexico.  Id. ¶ 1.

On April 15, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody.  Id. at 14.

On April 16, 2026, the Court issued an Order to Show Cause, ECF No. 3, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days.  Id. at 2.  The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here."  Id. (citations omitted).  As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings."  Id.

On April 29, 2026, the Federal Respondents filed a Response.[1]  ECF No. 6.  Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 3.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id.

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1.  The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner Sunilkumar R. Patel from custody/detention;

3.  Respondents **SHALL** return all of Petitioner's seized personal belongings to Petitioner;

4.  Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.     The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE